**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THEODORE F. BRADY, as Independent Administrator of the Estate of Alice E. Kilheeney, Deceased,** | ) | **Case No. 1:26-cv-7585** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **OLD NATIONAL BANK,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, THEODORE F. BRADY, as Independent Administrator of the Estate of Alice E. Kilheeney, Deceased, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, OLD NATIONAL BANK, Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

## II. JURISDICTION & VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3. This Court also has jurisdiction under 15 U.S.C. § 1693m(g), which authorizes actions under the EFTA to be brought in any United States district court or in any other court of competent jurisdiction.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the relevant events, accounts, and parties' dealings are connected to Cook County, Illinois

## III. Parties

5. THEODORE F. BRADY, (hereinafter, "Plaintiff") is the duly appointed Independent Administrator of the Estate of Alice E. Kilheeney, Deceased.

6. Alice E. Kilheeney ("Kilheeney" died on December 12, 2025.

7. Prior to Kilheeney's death, Plaintiff held power of attorney for Kilheeney to assist her with her personal affairs, including her banking relationship with Defendant.

8. On June 25, 2026, the Circuit Court of Cook County, Illinois, County Department, Probate Division, in Case No. 2026 P 004322, appointed Theodore F. Brady as Independent Administrator of the Estate of Alice E. Kilheeney, Deceased.

9. Plaintiff brings this action in his representative capacity on behalf of the Estate of Alice E. Kilheeney, Deceased.

10. At all relevant times before her death, Kilheeney was an individual residing in the City of Chicago, County of Cook, State of Illinois.

11. At all relevant times, Kilheeney was a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

12. Defendant Old National Bank is a business entity with its principal place of business located in the State of Indiana.

13. One of Kilheeney's Old National Bank Accounts was a Money Market savings account (hereinafter Kilheeney's Old National Bank Savings Account), and one was a checking account (hereinafter Kilheeney's Old National Bank Checking Account).

14. At all relevant times, Kilheeney's Old National Bank Checking Account was established to hold funds used primarily for Kilheeney's personal use and/or household expenditures.

15. At all relevant times, Kilheeney's Old National Bank Checking Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

16. At all relevant times, Kilheeney's Old National Bank Savings Account was established to hold funds used primarily for Kilheeney's personal use and/or household expenditures.

17. At all relevant times, Kilheeney's Old National Bank Savings Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

18. OLD NATIONAL BANK, (hereinafter, "Defendant") is a business entity with its principal place of business located in the State of Indiana.

19. At all relevant times, Defendant was a bank that held Kilheeney's Old National Bank Checking Account.

20. At all relevant times, Defendant was a bank that held Kilheeney's Old National Bank Savings Account.

21. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

22. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

23. At all relevant times, unknown third parties received funds from Kilheeney's Old National Bank Checking Account, which were transferred to unknown third parties via an electronic terminal, telephonic instruction or computer or magnetic tape after unknown third parties instructed Defendant to transfer funds to unknown third parties from Kilheeney's Old National Bank Checking Account.

## IV. <u>ALLEGATIONS</u>

24. At the time of the alleged unauthorized transactions at issue in this case, Kilheeney was an elderly 84-year-old consumer who conducted all of her banking in person. She did not use online banking or electronic devices beyond a basic phone. Because of her age and health, she relied on her brother, the Plaintiff, to assist with her banking matters.

25. On or about August 4, 2025, Kilheeney and Plaintiff received a telephone call from an individual who represented herself as Krystal Burns, an employee of Defendant bank with whom Kilheeney had routinely conducted business. During the call, the individual instructed Kilheeney and Mr. Brady to appear at the bank.

26. Upon appearing at the bank on August 5, 2025, Kilheeney and Mr. Brady first learned that Kilheeney's Old National Bank Checking Account and Kilheeney's Old National Bank Savings Account had been compromised, wherein between July 1, 2025, and July 18, 2025, $122,015.00 had been debited from Kilheeney's Old National Bank Savings Account and transferred to Kilheeney's Old National Bank Checking Account.

27. Thereafter, multiple transactions took place resulting in $98,381.00 being debited from Kilheeney's Old National Bank Checking Account to unknown third parties.

28. Prior to August 5, 2025, Kilheeney and Mr. Brady were not aware of the circumstances relating to the debit of funds from Kilheeney's Old National Bank Checking Account on or about July 1, 2025, until or about July 18, 2025, by unknown third parties.

29. Kilheeney, whether acting individually or through her duly authorized representative, did not provide Defendant with consent to debit funds from Kilheeney's Old National Bank Checking Account on or about July 1, 2025, until or about July 18, 2025.

30. Plaintiff, whether acting individually or through her duly authorized representative, did not provide Defendant with consent for unknown third parties to debit funds from Kilheeney's Old National Bank Checking Account on or about July 1, 2025, until or about July 18, 2025.

31. Prior to August 5, 2025, Kilheeney was not aware that $98,381.00 was to be debited from Kilheeney's Old National Bank Checking Account by unknown third parties, as delineated above.

32. On August 5, 2025, Kilheeney and/or Plaintiff provided Defendant with notice that they disputed the debit of funds by unknown third parties relative to Kilheeney's Old National Bank Checking Account on or about July 1, 2025, until on or about July 18, 2025.

33. On August 5, 2025, Kilheeney and/or Plaintiff provided Defendant with information to allow Defendant to identify Kilheeney's Old National Bank Checking Account, such as:

a. Kilheeney's Old National Bank Checking Account number;

b. Kilheeney's personal identifying information;

c. The name under which Kilheeney's Old National Bank Checking Account was registered;

d. The date of the transactions which Kilheeney disputed relative to Kilheeney's Old National Bank Checking Account; and

e. The amount of the transactions which Kilheeney disputed relative to Kilheeney's Old National Bank Checking Account.

34. On August 5, 2025, Kilheeney and/or Plaintiff provided Defendant with notice that the debit of funds by unknown third parties relative to Kilheeney's Old National Bank Checking Account on or about July 1, 2025, until on or about July 18, 2025, were unauthorized electronic transfers of funds from Kilheeney's Old National Bank Checking Account to unknown third parties.

35. On August 5, 2025, Kilheeney and/or Plaintiff informed Defendant that Kilheeney did not provide unknown third parties with consent to debit funds from Kilheeney's Old National Bank Checking Account on or about July 1, 2025, until or about July 18, 2025.

36. On August 5, 2025, Kilheeney and/or Plaintiff provided Defendant with oral and/or written notice of the circumstances as to why Kilheeney believed that the debit of funds by unknown third parties on July 1, 2025, until or about July 18, 2025, was carried out in error, such as:

a. Kilheeney never authorized the debit of funds from Plaintiff's Old National Bank Checking Account;

b. Kilheeney never provided unknown third parties with permission, consent or authority to debit funds from Plaintiff's Old National Bank Checking Account; and

c. Kilheeney is not, and has never been, primarily or secondarily liable for the disputed amount, and owes no obligation for the transactions at issue.

d. The disputed transactions were wholly inconsistent with previous account activity.

37. To date, Defendant failed to conduct a good faith or meaningful investigation relative to the error complained of by Kilheeney within ten (10) days of the receipt of Kilheeney's dispute in violation of 15 U.S.C. §1693f(a).

38. On August 5, 2025, Defendant, through its representative Krystal Burns, advised Kilheeney and Plaintiff that Kilheeney's dispute was being denied on the asserted basis that Kilheeney had provided her Social Security number to a fraudster.

39. Kilheeney did not provide any access device, account credentials, passwords, or other information that would permit electronic access to her accounts, nor did she engage in any conduct that would authorize or facilitate the unauthorized transfers.

40. Defendant failed to deliver or mail to the consumer an explanation of its findings within three (3) business days after the conclusion of its investigation, and failed to advise Kilheeney and/or Plaintiff that she may request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur, leaving Kilheeney without the knowledge and information and the ability to get the information that explained why the transactions Kilheeney claimed were not authorized, were ostensibly authorized, in violation of 15 U.S.C. §1693f(d).

41. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Kilheeney's funds in violation of 15 U.S.C. §1693f(e)(1).

42. Defendant knowingly and willfully concluded that Kilheeney's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

43. Defendant violated the Electronic Funds Transfers Act by holding Kilheeney liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

44. Presently, Kilheeney's Estate remains without the $98,381.00 debited by unknown third parties from Kilheeney's Old National Bank Checking Account.

45. Kilheeney is neither legally responsible or obligated to pay the $98,381.00 debited by unknown third parties from Plaintiff's Old National Bank Checking Account.

46. Defendant did not timely provisionally recredit Kilheeney's account and did not undertake a good faith investigation of the alleged unauthorized transactions or did not have a

reasonable basis for believing that the transactions at issue were authorized, warranting the imposition of treble damages.

47. Pleading in the alternative, Defendant knowingly and willfully concluded that the transactions at issue were authorized when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation, warranting the imposition of treble damages.

48. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

## V. JURY DEMAND

49. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Theodore F. Brady, as Independent Administrator of the Estate of Alice Kilheeney, Deceased, by and through his attorneys, respectfully prays for a judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

c. Treble damages allowable under 15 U.S.C. §1693f(e);

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court .

Respectfully submitted,
**THEODORE F. BRADY,**
**As Independent Administrator of the Estate of Alice Kilheeney, Deceased**

By: s/ David M. Marco
Attorney for Plaintiff

Dated: June 29, 2026

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
400 Lake Cook Road, Suite 203
Deerfield, IL 60015
**Telephone:** (312) 546-6539
**Facsimile**: (888) 418-1277
**E-Mail**: dmarco@smithmarco.com