**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| THEODORE F. BRADY, as Independent Administrator of the Estate of Alice E. Kilheeney, Deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-cv-00210 |
| OLD NATIONAL BANK, | ) | |
| Defendant. | ) | |

## DEFENDANT'S RENEWED MOTION TO COMPEL AND DISMISS

Defendant, Old National Bank ("ONB" or the "Bank"), renews its motion under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel Plaintiff, Theodore F. Brady, as Independent Administrator of the Estate of Alice E. Kilheeney, to submit the claim asserted in the Complaint to individual arbitration and dismiss this action; or, if the Court declines to compel arbitration, to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). In support, ONB states:

1. On September 4, 2026, the Northern District of Illinois ordered transfer of this action to this Court under 28 U.S.C. § 1404(a) and terminated ONB's original motion "without prejudice as moot based on the transfer." (N.D. Ill. Dkt. 18). ONB now renews its requests for arbitration and dismissal.

2. The Complaint asserts a single claim under the Electronic Fund Transfer Act ("EFTA"). That claim falls within the mandatory arbitration provision of Alice Kilheeney's Account Agreement with ONB, which binds her Estate. Plaintiff expressly consented to arbitration

in his response to ONB's original motion. (N.D. Ill. Dkt. 16 ¶ 2). The Court should compel individual arbitration under Section 4 of the FAA.

3. The Court should also deny Plaintiff's request for a stay and dismiss this action without prejudice. By knowingly filing this arbitrable claim in federal court, Plaintiff waived his own right to insist on arbitration and is "in default" under Section 3 of the FAA, 9 U.S.C. § 3. For the reasons explained in the accompanying memorandum, he cannot rebut the presumption of waiver, and his subsequent consent to arbitration does not cure that default. Brady's waiver leaves ONB's independent right to enforce the arbitration agreement intact, while disqualifying Brady from obtaining a stay.

4. In the alternative, if the Court declines to compel arbitration, ONB moves to dismiss the Complaint under Rule 12(b)(6) because Brady has failed to plead facts establishing that the challenged transfers were initiated through an electronic medium covered by the EFTA.

5. ONB incorporates by reference its accompanying Memorandum of Law and the Declaration of Lisa Saulsberry and exhibits filed in support of this renewed motion.

WHEREFORE, Defendant Old National Bank respectfully requests that the Court:

A. Enter an order under Section 4 of the FAA (i) compelling Plaintiff to submit the claim asserted in the Complaint to individual arbitration and (ii) dismissing this action; or

B. If the Court declines to compel arbitration, enter an order dismissing the Complaint under Rule 12(b)(6).

Dated: September 16, 2026

Respectfully submitted,

**OLD NATIONAL BANK, Defendant**

*/s/ Christopher S. Griesmeyer*
One of Its Attorneys

Christopher S. Griesmeyer (Bar #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph, Suite 2300
Chicago, Illinois 60606
312-428-2750
cgriesmeyer@grglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends notice of such filing to all counsel of record.


*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (Bar #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph, Suite 2300
Chicago, Illinois 60606
312-428-2750
cgriesmeyer@grglegal.com